# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| STEPHANIE HOOSMAN, on behalf of C.W., her minor child,<br><br>Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. C16-2028-LTS<br><br>**MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION** |

## I. INTRODUCTION

This case is before me on a Report and Recommendation (R&R) filed by the Honorable C.J. Williams, Chief United States Magistrate Judge. *See* Doc. No. 18. Judge Williams recommends that I affirm the decision by the Commissioner of Social Security (the Commissioner). Neither party has objected to the R&R. The deadline for such objections has expired.

## II. APPLICABLE STANDARDS

### A. *Judicial Review of the Commissioner's Decision*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis*, 353 F.3d at 645. The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows

for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Wester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence that supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if, after reviewing the evidence, the court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even in cases where the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v.*

*Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

## B. Review of Report and Recommendation

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge

to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III. THE R&R

Judge Williams noted that Hoosman applied for supplemental security income (SSI) benefits on behalf of C.W., her minor child, under Title XVI of the Social Security Act (Act) on March 27, 2014, and alleged that C.W. became disabled on March 1, 2011, due to ADHD, ADD and dyslexia. After a hearing, an Administrative Law Judge (ALJ) applied the standard three-step evaluation for determining whether a child is disabled and found that C.W. was not disabled as defined in the Act. Hoosman argues that the ALJ erred in two ways: (1) finding that C.W.'s other impairments were not severe and (2) finding that C.W. did not have a marked or extreme limitation in (a) attending and completing tasks, (b) acquiring and using information and (c) moving about and manipulating objects.

With regard to the ALJ's finding that C.W. did not have other severe impairments, Judge Williams noted:

> The Court need not determine whether claimant's alleged additional impairments were severe based on mere diagnosis because any error was harmless. "Where an ALJ errs by failing to find an impairment to be severe, such error is harmless if the ALJ finds the claimant to suffer from another severe impairment, continues in the evaluation process, and considers the effects of the impairment at the other steps of the evaluation process." *Faint v. Colvin*, 26 F. Supp.3d 896, 910 (E.D. Mo. 2014). Here, the ALJ considered all of claimant's impairments and found claimant had two severe impairments: ADHD and dyslexia. (AR 19). Therefore, any error in omitting claimant's additional alleged impairments from the list of severe impairments at step two was harmless because step two was resolved in claimant's favor. *Toye v. Astrue*, No. C11-3035-MWB, 2012 WL 1969224, at *10 (N.D. Iowa June 1, 2012).

Doc. No. 18 at 8. Judge Williams found that because the claimant was unable to show, "given the record, the ALJ would have decided the case differently had he labeled these additional impairments as severe," any error was harmless. *Id*. at 8-9. Turning next to the issue of marked or extreme limitations, Judge Williams outlined the ALJ's findings and the record as follows:

> The ALJ properly summarized the standard used to determine the extent of a limitation in this domain. (AR 24–25). The ALJ then analyzed the record regarding this domain. The ALJ noted the observations of claimant's teachers and gave them all some weight. (AR 25). Generally, these teachers noted claimant had some difficulty with attention and completion of tasks, but that he was able to complete some assignments independently, could keep on track with some assignments, and demonstrated an ability to listen and follow directions. (AR 175, 218). Two of his teachers specifically opined that claimant had only a slight or "no problem" with attention and completing tasks. (AR 167, 189). Another teacher noted that claimant's performance, including his attention and completion of tasks, improved noticeably when she informed claimant that he may be held back a grade. (AR 177).
>
> The ALJ also noted that claimant's teachers generally found his performance improved when he was taking his medication for ADHD. (AR 25, 187–203). The ALJ noted that this was consistent with evidence from medical records. (AR 21). My own review of the medical records indicated there is support for this conclusion. *See, e.g.*, (AR 409) (noting improvement in attention and concentration when claimant taking medication); (AR 421) (noting changes when claimant was not on medication); (AR 429) (reflecting maternal aunt's observation that claimant doing well on medication). An impairment cannot be considered a listed impairment if it can be controlled by medication. *See, e.g., Briggs v. Callahan*, 139 F.3d 606, 609 (8th Cir. 1998) (finding denial of benefits supported when child's hyperactivity improved with medication and behavior was appropriate at school).

Doc. No. 18 at 9-10. Judge Williams found the record contained sufficient evidence for the ALJ to conclude that C.W.'s limitations in the domain of attention and completion of tasks were not marked. *Id*. at 10. As such, Judge Williams found the ALJ committed

5

no error on this issue. Judge Williams then summarized the ALJ's findings with regard to C.W.'s ability to acquire and use information as follows:

> The ALJ properly summarized the standard used to determine the extent of a limitation in this domain. (AR 22–23). Generally speaking, in the domain of "acquiring and using information," an ALJ considers, among other things, how well a child acquires, learns, and uses information. 20 C.F.R. § 416.926a(g). The ALJ analyzed the record regarding this domain. The ALJ noted the observations of claimant's teachers and gave them all some weight. (AR 25). The ALJ noted that claimant had some difficulties in math, vocabulary, and writing, but that some of his performance problems occurred because he was not listening and was instead talking to friends. (AR 23, 217). Again, when a teacher mentioned to claimant the possibility of holding him back a grade, his performance improved markedly. (AR 24, 177). Overall, the ALJ noted that claimant was making progress and his performance in the domain of acquiring and using information was not significantly discrepant from his peers. (AR 24, 166, 176, 187, 196–97). Finally, the ALJ again noted that claimant's teachers observed improvement in his performance when he was on his medication. (AR 23, 188).
>
> The ALJ also considered the medical records as it pertains to this domain as well. (AR 21–22). The medical evidence corroborates the observations claimant's teachers made. Claimant's performance was not so deficient for him to qualify for the Iowa Individualized Education Plan program at his school. (AR 334). In April 2013, claimant took selected subtests of the Wechsler Intelligence Scale for Children, Fourth Edition, which resulted in scores indicating average verbal abilities and below average nonverbal abilities. (AR 335). Test scores also showed claimant had some difficulty with math and reading comprehension, consistent with his diagnosis of dyslexia and dyscalculia. (AR 336). Claimant was not on his medications when he took these tests. (AR 335). Dr. Bobbita Nag, M.D., opined on a number occasions between 2012 and January 2014, that claimant's intelligence functioning was in the average range. (AR 258–61, 268, 270, 273, 411, 413, 415, 419, 423, 425, 427, 429).

Doc. No. 18 at 11-12. Judge Williams found that the record supported the ALJ's decision and the ALJ committed no error in determining that C.W. did not have marked limitations in the domain of attending and completing tasks. *Id.* at 12-13.

6

As for C.W.'s ability to move about and manipulate objects, Judge Williams summarized the ALJ's findings and the record as follows:

> The ALJ properly summarized the standard used to determine the extent of a limitation in this domain. (AR 27). Generally speaking, in the domain of "moving about and manipulating objects," the ALJ considered claimant's ability to move his body from one place to another and how a child moves and manipulates objects—activities that may require gross and/or fine motor skills. (AR 27) (citing 20 C.F.R. § 416.926a(j)). The ALJ analyzed the record regarding this domain. The ALJ considered claimant's teachers' observations, to which he gave "weight," "some weight," and "considerable weight." (AR 27, 169, 220). The teachers uniformly observed no problems in this domain. (AR 27, 169, 220).
>
> The ALJ considered the medical records as it pertains to this domain as well. (AR 21–22). In his summary of the medical evidence, the ALJ did not note any reference in impairments in claimant's ability to move about or manipulate objects. My own examination of the medical records fails to reveal evidence claimant had significant difficulty moving or manipulating objects, with one exception regarding a 2013 examination at the University of Iowa Hospitals and Clinics as described in the next paragraph. A July 2011 physical examination revealed that claimant's left hand was less coordinated than his right in an exercise simulating playing the piano, was slower on the right side in making rapid alternating movements, and reduced right one-leg standing coordination. (AR 237–39). Despite these observations, claimant was able to perform all of the functions with full 5/5 muscle strength, symmetrical reflexes, and a normal gait. *Id.* An August 2011 examination showed normal gait and range of motion, no muscle weakness or reduced muscle tone, and intact and symmetrical reflexes. (AR 277–78). In April 2012, claimant was evaluated and found to have normal motor skills. (AR 251). September 2012 examinations showed normal range of motion and normal gait, with no reference to difficulties in movement or manipulation of objects. (AR 316–21). At the hearing, claimant's mother testified the only motor skill issues claimant had was "Just with writing. The way he holds his pencil is different. So his writing for an eleven-year-old is very sloppy and is very hard to read." (AR 441).

Doc. No. 18 at 13-14. Judge Williams similarly found that the record supported the ALJ's decision and that the ALJ committed no error in determining that C.W. did not

have a marked limitation in the domain of moving about and manipulating objects. *Id.* Based on these findings, Judge Williams recommends that I affirm the Commissioner's decision. *Id.* at 15.

## IV. DISCUSSION

Because the parties did not object to the R&R, I have reviewed it for clear error. Judge Williams applied the appropriate legal standards in concluding the ALJ committed no error in finding (1) that C.W.'s other impairments were not severe and (2) that C.W. did not have a marked or extreme limitation in (a) attending and completing tasks, (b) acquiring and using information or (c) moving about and manipulating objects. Therefore, I find no error – clear or otherwise – in his recommendation. As such, I adopt the R&R in its entirety.

## V. CONCLUSION

For the reasons set forth herein:

1. I **accept** Judge Williams' R&R (Doc. No. 18) without modification. *See* 28 U.S.C. § 636(b)(1).
2. Pursuant to Judge Williams' recommendation:
   a. The Commissioner's determination that C.W. was not disabled is **affirmed**.
   b. Judgment shall enter in favor of the Commissioner and against the plaintiff.

**IT IS SO ORDERED.**

**DATED** this 23rd day of March, 2017.

                                              _____
                                              LEONARD T. STRAND
                                              CHIEF UNITED STATES DISTRICT JUDGE